UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
In re:                                                     :
:
TERRESTAR CORPORATION, et al.,                             :
:           No. 12 Civ. 857 (RA)
              Debtors.                                     :
:           OPINION AND ORDER
-----------------------------------------------------------X
:
ALDO ISMAEL PEREZ,                                         :
:
:
              Appellant,                                   :
:
      -v-                                                  :
:
TERRESTAR CORPORATION, et al.,                             :
:
:
              Appellees.                                   :
:
-----------------------------------------------------------X

RONNIE ABRAMS, United States District Judge:

Aldo Ismael Perez appeals from a November 30, 2011 order of the United States Bankruptcy Court for the Southern District of New York (the "November 30th Order"). (In re TerreStar Corp., 11-10612 (SHL) ("Bankr. Dkt."), No. 290.) The November 30th Order denied Perez's request for appointment of an independent examiner in the bankruptcy proceedings of TerreStar Corporation ("TSC") and its affiliated debtors (collectively, the "Debtors"). For the reasons that follow, Perez's appeal is dismissed as equitably moot.

I.     Background

       A.     The Bankruptcy Court Proceedings

TSC filed a voluntary petition for bankruptcy relief on February 16, 2011. Prior to its reorganization, TSC was the parent and/or affiliate of Terrestar Networks Inc. ("TSN"), a wholesale mobile voice and data service provider that had separately filed for bankruptcy relief

on October 19, 2010. Perez was a holder of common stock in TSC, and during the chapter 11 proceedings, he filed three claims against TSC's estate based on his equity interest in the aggregate amount of $165,950. The claims were expunged by the Bankruptcy Court by order dated August 26, 2011. (Bankr. Dkt. No. 176.) On September 13, 2011, Perez moved by letter for appointment of an independent examiner pursuant to § 1104(c) of title 11 of the United States Code (the "Bankruptcy Code"). (Bankr. Dkt. No. 216.) Section 1104(c) provides, in relevant part:

> [A]t any time before the confirmation of the plan, . . . the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor or by current or former management of the debtor, if –
>
> (1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or
> (2) the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

11 U.S.C. § 1104(c). A request for an independent examiner had first been made by TSC common shareholder Jeffrey M. Swarts on August 29, 2011, which was joined by Mohawk Capital, LLC on September 15, 2011. All three shareholders requested that an examiner be appointed to investigate alleged fraudulent conduct engaged in by TSC and certain of its equity holders, as well as to conduct a valuation of TSC's most valuable asset, equity in its subsidiary TerreStar 1.4 Holdings LLC, which held a license from the Federal Communications Commission to utilize a portion of the 1.4 GHz wireless spectrum for the transmission of data.

On September 19, 2011, the Honorable Sean Lane, United States Bankruptcy Judge, held a hearing on the shareholders' motions. Perez did not attend the hearing "under the belief that [his motion] was not proceeding to hearing on that date as it was not reflected in the Agenda." (Appellant's Mem. 3.) The Bankruptcy Court heard extensive oral argument on the issue of the

examiner, including from Swarts, Mohawk Capital, the Debtors and several preferred creditors and stakeholders. On September 21, 2011, the Bankruptcy Court denied the request for appointment of an examiner, finding that such an appointment was not warranted under § 1104(c) of the Bankruptcy Code.

On October 11, 2011, Perez filed a motion for reconsideration of the September 21st order. In his motion, Perez emphasized that the legislative history of the statute "reflects Congress' desire to provide extra protection to stockholders of public companies through the mechanism of an independent functionary." (Appellant's Mot. Reconsideration ¶ 29.) Perez further noted that he did not attend the September 19, 2011 hearing because he believed it had been adjourned, (id. ¶ 12), and requested an opportunity for reargument. (Id. ¶ 19.)

At a hearing held on November 16, 2011, the Bankruptcy Court again heard oral argument on the issue of appointment of an examiner, including from Perez. As to appointment under (c)(1), Perez argued that there were irregularities in the management of the Debtors' affairs and the valuation of the Debtors' assets. (Nov. 16 Hr'g Tr. 44:10-14.) He further urged that "TSC is likely months away from a confirmation hearing," and that investigation "could be properly done in a short amount of time." (Id. at 41:13-18.) As to appointment under (c)(2), Perez asserted that the $5,000,000 threshold had been exceeded and appointment was thus mandatory. Specifically, he argued that a $25,753,554 claim filed by Elektrobit, an unsecured creditor of the Debtors, was under a guarantee, separate from the underlying contract for goods and services, and was thus a liquidated debt.[1] In response, Elektrobit asserted that TSC had "signed the primary document as a contract party" and that the claim was not under "a stand

---

[1] Elektrobit's claim arose from an October 20, 2009 contract between Elektrobit and TSN for the design and development of cellular telephones. On November 18, 2009, TSC "guarantee[d] to Elektrobit, payment of all amounts owed by [TSN]" under its contract with Elektrobit. (Bankr. Dkt. No. 275.)

alon[e] guarantee letter," but instead under a contract for goods and services. (Id. at 64:13-17.)

In an oral ruling, the Bankruptcy Court stated that because Perez had been unable to attend the previous hearing, it would consider Perez's request *de novo* as well as under the Federal Rule of Civil Procedure 59 standard governing a motion for reconsideration. (Id. at 67:2-6.) In denying appointment under § 1104(c)(1), the Bankruptcy Court emphasized that valuation concerns regarding the 1.4 GHz spectrum were best addressed at the plan confirmation stage, and that the spectrum was held by a "nondebtor second level subsidiary [of TSC] which is not in bankruptcy." (Id. at 68:21-25.) The Bankruptcy Court further noted that appointment of an examiner would impose costs "both in terms of professional fees and delay," and that it was "not persuaded that . . . there is a sufficient basis for allegations of a wrongdoing or incompetence presented here to merit the appointment of an examiner." (Id. at 69:8-12.) In denying appointment under § 1104(c)(2), the Bankruptcy Court held that "based on the representations of Elektrobit as to the nature of its claim," it was "not persuaded that its claim . . . implicates the (c)(2) threshold." (Id. at 69:22-24.) The Bankruptcy Court confirmed its ruling in its November 30th Order, which Perez now appeals.

### B. The Instant Appeal

Perez filed a Notice of Appeal to this Court on December 29, 2011. The appeal was docketed on February 3, 2012 and the docket reflects that all parties were notified on that date. Pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1), Perez had fourteen days from the time the appeal was docketed and notice of the docketing was provided to all parties to file and serve his appellate brief. Perez failed to do so. Upon reassignment of the case from Judge Crotty in August 2012, this Court issued an order noting that Perez had missed the deadline for filing and serving his appellate brief. Accordingly, it ordered the parties to inform the Court by